IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

PAULA L. MORRIS                                                                        PLAINTIFF

       v.                              Civil No. 6:14-cv-6056
CAROLYN W. COLVIN, Acting Commissioner
Social Security Administration                                                       DEFENDANT

**MEMORANDUM OPINION**

    Plaintiff, Paula Morris, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act ("Act").  The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  (ECF No. 7).[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**I.      Background:**

    Plaintiff protectively filed her application for DIB on February 22, 2011, alleging an onset date of March 5, 2010, due to degenerative disc disease, scoliosis, arthritis, and back problems at the L1 and L4 levels.  (Tr. 10, 116).  For DIB purposes, Plaintiff retained insured status through

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __."  The transcript pages for this case are referenced by the designation "Tr."

December 31, 2013. (Tr. 12, Finding 1). Plaintiff's application was denied initially and on reconsideration. An administrative hearing was held on September 4, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 509-530). A vocational expert ("VE") was also present and testified. (Tr. 525-529).

On November 16, 2012, the Administrative Law Judge ("ALJ") entered an unfavorable decision. (Tr. 10-17). In this decision, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and status post coronary ischemia/coronary artery catheterization. (Tr. 12, Finding 3). After reviewing all of the evidence presented, however, the ALJ determined Plaintiff's impairments did not meet or equal the level of severity of any impairment listing. (Tr. 13, Finding 4).

The ALJ next evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16). The ALJ first evaluated Plaintiff's subjective complaints and found she was not entirely credible. (Tr. 14-15). The ALJ then found Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work except "she may only occasionally stoop, crawl, kneel, and crouch." (T. 12).

With the help of the VE, the ALJ determined Plaintiff could not perform her past relevant work ("PRW"). (Tr. 16, Finding 6). Based on the VE's testimony, the ALJ found Plaintiff could perform the requirements of the representative occupations of inspector/scale operator and charge account clerk. (Tr. 16-17, Finding 10). The ALJ then concluded Plaintiff was not disabled. (Tr. 17, Finding 11).

On January 10, 2013, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision, which denied the request on March 27, 2014. (Tr. 1-3). On April 21, 2014, Plaintiff filed

the present appeal. (ECF No. 1). The Parties consented to the jurisdiction of this Court on April 22, 2014. (ECF No. 7). Both Parties have filed appeal briefs, and the case is ready for decision. (ECF Nos. 13, 16).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough a reasonable mind would find it adequate to support the Commissioner's decision. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record to support a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

To determine whether a claimant suffers from a disability, the Commissioner uses a five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has

an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform her PRW; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.  20 C.F.R. §§ 404.1520(a)-(f)*; Cox*, 160 F.3d at 1206.  The fact finder only considers Plaintiff's age, education, and work experience in light of her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920.

### III.    Discussion:

Plaintiff argues the ALJ erred by not finding she met a musculoskeletal system listing or Listing 4.02 (chronic heart failure).  (ECF No. 13 at 7-15).

**A. Musculoskeletal System Listing**

Plaintiff does not identify which musculoskeletal listing she believes she meets.  (ECF No. 13 at 13-15).  Her brief quotes from an MRI from October 26, 2006, which identified tears at the L4-L5 and L5-S1 levels.  (Tr. 180-181).  Also referenced is Plaintiff's testimony she has "trigger fingers" in both hands and struggles to stand in line at the grocery store.  (ECF No. 13 at 14).

Plaintiff has the burden to establish her impairment meets or equals an impairment listing.  *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990).  She has not identified any evidence other than her testimony and a years old MRI result, neither of which establish she meets the criteria of any musculoskeletal listing.  *See Vandenboom v. Barnhart*, 421 F.3d 745, 750 (8th Cir. 2005)(rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

A review of the record shows Plaintiff does not meet any of the musculoskeletal listings.

There is no diagnosis or documentation of a joint abnormality or fracture. Plaintiff's current diagnosis of degenerative disc disease of the spine is not a disorder that meets Listing 1.02 since there is no evidence of nerve compression, spinal arachnoiditis, or lumbar spinal stenosis. 20 C.F.R. Part 404, Subpart P, App. 1, § 1.02. Additionally, Plaintiff testified she completes physical therapy three times a week, takes care of chores around the house, and is able to walk for twenty minutes. (Tr. 514-515). Although Plaintiff reported back pain (specifically triggered by lots of moving), exams during the relevant time period show only slightly reduced spinal range of motion and she had 4/5 muscle strength in all extremities. (Tr. 160, 206, 209, 222, 234). Following Plaintiff's myocardial infarction in February 2012, medical notes indicate she was able to walk after surgery without difficulty and mention one occasion where she walked 250 feet without a walker. (Tr. 260, 262).

Accordingly, the undersigned finds no basis for remand on this issue.

**B. Listing 4.02**

Plaintiff claims her heart impairment meets the requirements of Listing 4.02. (ECF No. 13 at 7-13). Listing 4.02 requires proof of systolic failure with an ejection fraction of thirty percent or less during a period of stability; or diastolic failure with left ventricular posterior wall plus septal thickness totaling 2.5 cm or greater on imaging with an enlarged left atrium greater than or equal to 4.5 cm. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02(A).

A left ventriculogram dated March 1, 2012, shows Plaintiff's global ejection fraction was "only about 20%," indicating she meets the first requirement of Listing 4.02. (Tr. 246).

Plaintiff, however, has not demonstrated she meets the second part of Listing 4.02, which requires a "very" serious limitation in activities of daily living, three or more separate episodes of

-5-

acute congestive heart failure within a consecutive 12-month period, or an inability to perform on an exercise tolerance test at a workload equivalent to 5 METs. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02(B).

There is no evidence Plaintiff had three or more episodes of acute congestive heart failure or was unable to perform on an exercise tolerance test at five MET or less. Exams following her March 2012 myocardial infarction document she had normal cardiovascular function and mention no limitations. (Tr. 234-235, 238-239). At a follow-up in August 2012, Dr. Fred Heinemann noted Plaintiff's only high priority problem was hyperlipidemia, her stamina overall was pretty good, and she had a mild exertional angina only at peak exertion. (Tr. 233-234). Dr. Heinemann concluded Plaintiff was "doing well and likely has had good recovery of [left ventricle] function." (Tr. 235).

Plaintiff has also not demonstrated her heart problem "very seriously limit[s]" her activities of daily living. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 4.02(B)(1). Although she did not complete a function report, she testified she attends physical therapy, takes care of chores around the house, and can compete activities such as grocery shopping and cooking. (Tr. 173, 514-515, 522-523). Since Plaintiff has not demonstrated her heart problem "very seriously limit[s]" her activities of daily living, she has not met her burden of demonstrating her impairment meets the requirements of Listing 4.02. *See Carlson v. Astrue*, 604 F.3d 589, 593 (8th Cir. 2010)(holding the burden is on the claimant to establish her impairment meets or equals all of the requirements of a listing).

Accordingly, the undersigned finds the ALJ's conclusion Plaintiff did not have an impairment or combination of impairments that meets or equals one listed in 20 C.F.R. pt. 404, subpt. P, app.1 was based on substantial evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**Dated this 21st day of July, 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE